UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BARRY HIGGINS, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>PENOBSCOT COUNTY SHERIFF'S )<br>DEPARTMENT, et al., )<br>)<br>  Defendants. ) | Civil No. 04-157-B-W |

### ORDER AFFIRMING THE
### RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

The United States Magistrate Judge filed with the Court on June 2, 2005 her Recommended Decision (Docket No. 39).  The Plaintiff filed his objection to the Recommended Decision on June 9, 2005 and the Defendants filed their response to those objections on June 27, 2005.  This Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; it has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and, it concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision and for the additional reasons set forth herein, and determines that no further proceeding is necessary.

One issue merits discussion.  Count I of the Complaint alleges Deputy Joshua Tibbetts, acting as an agent for the owner, Leo Higgins, violated 14 M.R.S.A. § 6014, when he wrongly evicted Barry Higgins.  Magistrate Judge Kravchuk noted a principal may be liable for the actions of its agent, if the agent is acting within the scope of his authority.  *Rec. Dec.* at 12; s*ee County Forest Prods., Inc. v. Green Mountain Agency*, 2000 ME 161, 758 A.2d 59; *Crowley v. Dubuc*, 430 A.2d 549 (Me. 1981).  Here, the claim is not against the principal, but against the

agent and the Magistrate Judge grounded her recommended disposition of Count I on the view that agency – principal liability is "not about holding the agent liable for the actions of the principal." *Rec. Dec.* at 12. Noting that Barry Higgins has filed a state law action against Leo Higgins, she wrote that he is free to argue there that Leo Higgins should be held liable for Deputy Tibbetts' actions. *Id.* at 12 n.7. She went on to explain that "it makes absolutely no sense, in an action where Leo Higgins is not a defendant, to seek to assert that Tibbetts is an agent for a non-defendant principal." *Id.*

Here, the Plaintiff is complaining against Deputy Tibbetts for his own actions, which he claims he undertook as an agent for Leo Higgins. The general rule is that an agent who commits a tort for a principal is liable as a joint tortfeasor with the principal for the entire damage. Restatement (Second) of Agency § 343 (1958).[1] This Court is not clear that the agency-principal premise of this cause of action takes Barry Higgins out of the normal application of Rule 19, which allows a plaintiff to proceed against one, but not all joint tortfeasors. *See Flynn v. Hubbard,* 782 F.2d 1084, 1089 ("Under Federal Rule of Civil Procedure 19, the companion to Rule 24, joint tortfeasors need not be joined since each is liable for the entire amount of the recovery."); *Maine v. United States Dep't of Labor,* 669 F.2d 827, 832 (1st Cir. 1982). Further, assuming Leo Higgins, as principal, were an indispensable party, Rule 19 provides that the Court "shall order that the person be made a party," Fed. R. Civ. P. 19(a), and federal courts are "extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will

---

[1] To demonstrate this provision's application, the Restatement uses the example of a deputy sheriff engaging in an unlawful arrest. Restatement (Second) of Agency § 343, Comment (d).

2

result."[2]  7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1609 (2001).

The Plaintiff's claim remains fatally defective, however, for two additional reasons:  1) there is no evidence to support Plaintiff's premise that Deputy Tibbetts was in fact acting as Leo Higgins' agent; and, 2) the Maine forcible entry and detainer statute does not authorize a cause of action against the agent of the landlord.  Turning to the first issue, the Restatement defines an agency relationship:

> Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

Restatement (2d) of Agency § 1(1).  Maine has adopted this Restatement definition.  *Desfosses v. Notis,* 333 A.2d 83, 86 (Me. 1975)(citing Restatement (Second) of Agency § 1(1)); *see also Perry v. H.O. Perry & Son Co.,* 1998 ME 131, ¶ 7, 711 A.2d 1303, 1305; *Libby v. Concord General Mut. Ins. Co.,* 452 A.2d 979, 981 (Me. 1982).

An agency-principal relationship may be either: 1) actual (which may be expressed or implied); or 2) apparent.  *Libby*, 452 A.2d at 981.  An express actual agency is "'that authority which is directly granted to or conferred upon the agent . . . in express terms by the principal . . . .'"  *Id.* (quoting *Stevens v. Frost*, 32 A.2d 164, 168 (Me. 1943)).  An implied actual agency is an "authority circumstantially proven from the facts and circumstances attending the transaction in question."  *Libby,* 452 A.2d at 982 (quoting *Stevens*, 32 A.2d at 168).  An implied agency may be inferred from "the words used, from customs and from the relations of the parties."  *Libby*, 452 A.2d at 982 (citing Restatement (Second) Agency, § 7, comment c (1958)).

Finally, apparent agency involves that authority which "though not actually granted, the

---

[2] It may be that this case would be one where dismissal would be in order, since, as Magistrate Judge Kravchuk noted, Leo Higgins is already a named defendant in a pending state law action arising out of the same underlying facts.  His appearance in this law suit as an additional defendant would raise a separate host of potential problems.

3

principal knowingly permits the agent to exercise or which he holds himself out as possessing." *Libby*, 452 A.2d at 982 (citing *Stevens*, 32 A.2d at 167-68). An apparent agency, unlike an actual agency, is created only when a third party subjectively believes, by the conduct or words of the purported principal, that another party is an agent. *Libby*, 452 A.2d at 982-83 (citing *Brown v. Manchester*, Me., 384 A.2d 449, 453 n.4 (1978) (citing Restatement (Second) of Agency § 8 (1958))).

There is nothing, other than a bare allegation of agency, to establish that, in evicting Barry Higgins, Deputy Tibbetts consented to act as Leo Higgins' agent or acted subject to his control. *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.,* 360 F.3d 220, 240 (1st Cir. 2004)("Simply parroting the language of a … cause of action, without providing some factual support, is not sufficient to state a claim."); *Diamond Phoenix Corp. v. Small,* No. 05-79-P-H, 2005 U.S. Dist. LEXIS 12798 at 14, n.2 (D. Me. June 28, 2005). The general rule is that when evicting a tenant, a law enforcement officer acts, not as the landlord's agent, but "as in all other actions and duties, a separate, autonomous governmental entity." *Inc. Vill. of Hempstead v. Jablonsky,* 724 N.Y.S.2d 808, 811 (N.Y. Sup. Ct 2001)(quoting *People v. Pius,* 598 N.Y.S.2d 693 (N.Y. Dist. Ct. 1993)). A possible exception is where an officer has acted so far outside the scope of legal authorization that the law deems him an agent, not of the state, but of the landlord, *Adelhelm v. Dougherty,* 176 So. 775, 777 (Fla. 1937)*,* but, even viewing the evidence in a light most favorable to the Plaintiff, there is no evidence that would permit the finding that Deputy Tibbetts acted outside the scope of his role as a law enforcement officer.[3]

---

[3] In *Adelhelm,* the Supreme Court of Florida concluded that a law enforcement officer, who assisted the owner in an eviction, when a writ of detainer had been vacated, was acting solely as an agent of the owner and not within his authority as a deputy sheriff. *Adelhelm,* 176 So. at 777. Here, Leo Higgins, armed with a deed, demonstrated the property was in his name and informed Deputy Tibbetts he had previously notified Barry Higgins that he should not be on the property. (Defs.' SMF ¶¶ 9, 10; Tibbetts Aff. ¶¶ 11, 12). In light of what he knew at the time, Deputy Tibbetts' decision to evict Barry Higgins did not, in this Court's view, take him outside the scope of legal authorization and make him an agent not of the County, but of the owner.

Further, the Plaintiff assumes simply because he alleges that Deputy Tibbetts was acting as Leo Higgins' agent and violated 14 M.R.S.A. § 6014, this is sufficient to state a cause of action against the deputy sheriff. This is also incorrect. The statute nowhere authorizes a cause of action against a law enforcement officer. Instead, as part of a subchapter entitled, Residential Landlords and Tenants, the statute governs the relationship between landlords and tenants, not the landlord's agents and tenants. The statute reads:

> No *landlord* may willfully seize, hold or otherwise directly or indirectly deny a tenant access to and possession of the tenant's rented or leased premises, other than through proper judicial process.

14 M.R.S.A. § 6014(1)(B)(emphasis supplied). And:

> No *landlord* may willfully seize, hold or otherwise directly or indirectly deny a tenant access to and possession of the tenant's property, other than by proper judicial process.

14 M.R.S.A. § 6014(1)(C)(emphasis supplied).

The statute creates rights and duties between landlords and tenants and authorizes remedies against each other; third persons are not subject to its provisions. Thus, it has long been the law of Maine that a mortgagee cannot maintain a forcible entry and detainer under this statute, until the mortgage is fully foreclosed. *Bragdon v. Hatch,* 1 A. 140, 140 (1885); *Coastal Sav. Bank v. Bolduc,* No. CV-95-541, 1997 Me Super. LEXIS 228 at * 3 (Me. Super. Ct., Yor. Cty., July 31, 1997) (Cole, J.). The tenant's remedy against the landlord for a wrongful eviction is limited to $250.00 or "actual damages," 14 M.R.S.A. § 6014(2)(A), which the Maine Supreme Judicial Court has interpreted as losses such as "lost profits, lost goods, such as food, and the benefits of lost services, such as advertising…." *Reardon v. Lovely Dev., Inc.,* 2004 ME 74, ¶ 8, 852 A.2d 66, 69. These statutory damages flow from the landlord's violation of a tenancy, and are damages for which a landlord, not his agent, would be uniquely and properly held

accountable. The statute by its precise terms grants a remedy against a landlord who unlawfully evicts; it does not create a cause of action against the agent of a landlord.

The statute mentions a role for police officers in effecting forcible entries and detainers, 14 M.R.S.A. § 6005, but, nothing in the statutory language says that its provisions, including its remedy provisions, extend to police officers who carry out evictions. This does not mean there is no legal recourse against a police officer who wrongfully evicts. However, to impose liability on the police, the Plaintiff has to step outside the statute and proceed under tort law – under which Magistrate Judge Kravchuk correctly concluded Deputy Tibbetts is not liable.

1. It is therefore ORDERED that the Recommended Decision (Docket No. 39) of the Magistrate Judge is hereby AFFIRMED.

2. It is ORDERED that the Defendants' Motion for Summary Judgment (Docket No. 16) is GRANTED.

3. It is further ORDERED that the Defendants' Motion to Dismiss (Docket No. 16) is GRANTED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2005